OHLSEN v DST INDUSTRIES, INC

Docket No. 54402. Submitted October 6, 1981, at Detroit.—Decided
December 1, 1981. Leave to appeal applied for.

Roy Ohlsen brought an action against DST Industries, Inc., his
former employer, for damages arising from his discharge al-
leged to be in retaliation for the exercise of his rights under the
Michigan Occupational Safety and Health Act (MIOSHA). The
defendant moved for summary judgment on the ground that
the plaintiff failed to state a claim upon which relief could be
granted, which motion was granted, Wayne Circuit Court,
William Leo Cahalan, J. The plaintiff appeals. *Held:*

The trial court properly granted the defendant's motion. The
exclusive remedy for discharge in retaliation for the exercise of
rights under MIOSHA is provided by the statute. No right to a
preventive exercise of the right to a safe work environment is
available at common law.

Affirmed.

1. STATUTES — REMEDIES — COMMON LAW.

Generally, the remedies provided by a statute for the violation of
a new right or duty imposed by statute having no counterpart
in the common law are exclusive and not cumulative.

2. ADMINISTRATIVE LAW — REMEDIES — OCCUPATIONAL SAFETY AND
HEALTH.

The provision in the Michigan Occupational Safety and Health
Act which enables a worker to exercise his right to a safe work
environment in a preventative fashion had no counterpart in

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 287.
[2] 73 Am Jur 2d, Statutes § 342 *et seq.*
Validity, under federal constitution, of provisions of Occupational
Safety and Health Act of 1970 (29 USCS § 651 *et seq.*), relating to
inspections, enforcement of civil penalties, and administrative or
judicial review. 34 ALR Fed 82.
[3, 5] 61 Am Jur 2d, Plant and Job Safety §§ 59-61.
Discharge of employee for complaining about wages, hours, or
working conditions as unfair labor practice. 22 ALR Fed 113.
[4, 5] 2 Am Jur 2d, Administrative Law § 595.

the common law, and thus the remedies for the violation of this right as provided by the statute are exclusive and not cumulative (MCL 408.1011[a], 408.1028[1], [2]; MSA 17.50[11][a], 17.50[28][1], [2]).

3. ADMINISTRATIVE LAW — REMEDIES — OCCUPATIONAL SAFETY AND HEALTH — JOB SECURITY.

A worker who exercises his right to a safe work environment in the manner prescribed by the Michigan Occupational Safety and Health Act may not be discharged in retaliation, and the remedy for such discharge as provided by the act is exclusive (MCL 408.1065; MSA 17.50[65]).

4. ADMINISTRATIVE LAW — APPEAL.

Generally, a person must exhaust administrative remedies prior to seeking a judicial remedy.

5. ADMINISTRATIVE LAW — REMEDIES — TORTS — STATUTES.

A cause of action by a worker employed at will for retaliatory discharge for refusing to work following an allegation of an unsafe work environment will not lie in tort; the exclusive remedy for such discharge is provided in the Michigan Occupational Safety and Health Act (MCL 408.1065; MSA 17.50[65]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Nicholas J. Rine),* for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *Gregory S. Muzingo),* for defendant.

Before: DANHOF, C.J., and D. F. WALSH and D. C. RILEY, JJ.

D. C. RILEY, J. Plaintiff appeals as of right a circuit court order granting summary judgment to defendant on the basis of GCR 1963, 117.2(1), failure to state a claim upon which relief could be granted.

Defendant is a Michigan corporation engaged in the fabrication and display of automobile prototypes. On a regular basis, defendant is required to transport its products via truck to various display sites throughout the country. Therefore, between

40 and 50 truck drivers are employed by the defendant to implement these deliveries. The plaintiff was one of the truck drivers employed by defendant.

For approximately eight years, plaintiff drove for defendant. On May 23, 1977, he was discharged for refusing to make a trip from Michigan to California with another driver. Plaintiff asserts that the sole reason he refused to carry out this routine job assignment was his belief that it would be unsafe to make the trip sharing driving duties with the other assigned driver due to the latter's alleged alcohol abuse.

On April 11, 1978, plaintiff filed a complaint in circuit court alleging that the discharge was in retaliation for his exercise of rights afforded him under the Michigan Occupational Safety and Health Act (MIOSHA), MCL 408.1001 *et seq.;* MSA 17.50(1) *et seq.,* specifically, plaintiff's right to protest an unsafe place to work. MCL 408.1011(a); MSA 17.50(11)(a).

The trial judge, in his opinion granting the summary judgment motion for failure to state a claim, stated:

"Nowhere in the statute, in its legislative history, nor in its statutory declaration of purpose and policy is there any provision that a private litigant can bring a civil action under the statute.

"In addition, there is no Michigan appellate court authority for allowing a private litigant to bring a civil action under the MIOSHA statute.

"To allow a private litigant to bring a civil action under the statute would circumvent the apparent legislative desire to channel claims under the act through the Department of Labor as provided under MCL 408.1065; MSA 17.50(65).

"Consistent with the language of MCL 408.1065; MSA 17.50(65), the court finds that the language of MCL

408.1002(2); MSA 17.50(2)(2) does not evidence any statutorily stated public policy for allowing a private litigant to bring a civil action under the MIOSHA statute.

"Since plaintiff cannot pursue a private civil action in this court, he has failed to state a claim upon which relief can be granted. Accordingly, defendant's motion for summary judgment is granted." (Footnotes omitted.)

The issues presented on appeal by plaintiff allege that the trial court erred in holding that the statutory remedy is exclusive and that there was no cause of action in tort for an employer's retaliatory discharge of an employee.

It is a general rule of law in Michigan that when a statute creates a new right or imposes a new duty having no counterpart in the common law the remedies provided in the statute for violation are exclusive and not cumulative. *Pompey v General Motors Corp,* 385 Mich 537; 189 NW2d 243 (1971). Since the earliest days of Michigan common law, workers in this state have enjoyed the right to a safe place to work. See *Smith v Peninsular Car Works,* 60 Mich 501, 504; 27 NW 662 (1886), and *Swoboda v Ward,* 40 Mich 420, 423 (1879).

The common-law remedy for a violation of the right to a safe place to work was to quit and sue for resulting damages. The common-law right was exercised when a physical injury occurred, giving rise to damages, and then the breach of the duty to provide a safe place to work was argued to prove negligence. Plaintiff does not bring to our attention, nor do we find by our independent research, any authority holding that an employee has a common-law right to refuse to work upon alleging an unsafe workplace. Therefore, the remedies provided in the MIOSHA statute are exclusive and not cumulative.

The common-law right to a safe work environment was exercised in a remedial fashion. The Legislature, in adopting MIOSHA, codified this common-law right, MCL 408.1011(a); MSA 17.50(11)(a), but provided a structure in which an employee could exercise the right in a preventative fashion.

MCL 408.1028(1); MSA 17.50(28)(1) provides that an employee who believes that the act or standards promulgated under it are being violated may request, by written notice, that the department inspect for violations. If the condition is one presenting imminent danger, the Legislature provided for an alternative, more expedient process. MCL 408.1028(2); MSA 17.50(28)(2). Furthermore, the employee who exercises these rights and remedies cannot be retaliatorily discharged. MCL 408.1065; MSA 17.50(65).

The plaintiff-employee in this case wishes to exercise a common-law right to refuse to work, where in fact no such right existed. He was discharged for his refusal to work as directed. The plaintiff's refusal to work was predicated on what he perceived as a violation of a common-law and statutory right to a safe work environment.

When an employer discharges an employee because of his exercise of a right afforded by MIOSHA, the remedy provided in MCL 408.1065; MSA 17.50(65) is exclusive. *Schwartz v Michigan Sugar Co,* 106 Mich App 471; 308 NW2d 451 (1981). In *Schwartz,* the plaintiff was discharged allegedly in retaliation for his effective performance as a company safety director. The trial court granted defendant's motion for summary judgment on the ground that plaintiff was an employee at will and, therefore, had no right to continue employment. This Court stated that an employer's termination

of employment, which is in contravention of a strong public policy, is wrongful and an exception to the general rule that employment without a contract is terminable at will by either party. However, the Court held that the remedy provided in MCL 408.1065(2); MSA 17.50(65)(2) was exclusive and that plaintiff's failure to exhaust that administrative remedy was fatal to his cause of action. This result is consistent with the general rule that one must exhaust administrative remedies before proceeding in court. *Judges of the 74th Judicial Dist v Bay County,* 385 Mich 710, 728; 190 NW2d 219 (1971). We conclude that the trial court properly granted summary judgment to defendant on the basis that the administrative remedy is exclusive in this case.

Plaintiff also claims that the summary judgment for failure to state a cause of action was improper because he pleaded a cause of action in tort for retaliatory discharge.

The plaintiff cites *Sventko v Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976), to support his argument that when an employer terminates the employment of an "at-will" employee, for purposes of circumventing the statutorily established public policy, the employee-victim of such conduct does have a cause of action.

We adopt the rationale of the trial court:

"*Sventko* can be distinguished from the present case by the fact that the workmen's compensation statute does not prohibit retaliatory discharges of employees who file claims under the act, while MIOSHA specifically prohibits such actions. See MCL 408.1065; MSA 17.50(65). Since the workmen's compensation statute does not directly prohibit retaliatory discharges by employers, the Court carved out an exception to the general rule that either party may terminate an em-

ployment at will for any reason or no reason by providing the discharged employee a remedy where none is provided under the statute.

"In the present case, however, retaliatory discharges are expressly prohibited under the MIOSHA statute, and, in addition, a remedy is provided to an employee who claims a violation of the statute. Therefore, unlike the plaintiff in *Sventko,* the plaintiff in the present case has a remedy provided by the statute under which he is suing."

The *Sventko* decision does not extend to this case where the statute involved prohibits retaliatory discharge and provides an exclusive remedy. Therefore, the trial court's summary judgment was proper as there is no common-law tort cause of action applicable in this case.

Affirmed. Costs to appellee.