SHUTTLEWORTH v RIVERSIDE OSTEOPATHIC HOSPITAL

Docket No. 121019. Submitted March 11, 1991, at Detroit. Decided August 20, 1991, at 9:40 A.M. Leave to appeal sought.

Arlene Shuttleworth and her husband, Kim Shuttleworth, brought an action in the Wayne Circuit Court against the Riverside Osteopathic Hospital, claiming that it terminated her employment because she filed a complaint under the Michigan Occupational Safety and Health Act. The court, Kathleen I. MacDonald, J., granted summary disposition for the defendant, finding that Arlene Shuttleworth had failed to exhaust administrative remedies under the act and had failed to file timely a claim under the Whistleblowers' Protection Act. The plaintiffs appealed, asserting that a common-law cause of action exists for retaliatory discharge.

The Court of Appeals *held:*

1. No common-law cause of action exists for the discharge of an employee in retaliation for reporting an employer's violation of law. That right was created by the Whistleblowers' Protection Act, which requires the timely filing of a claim under that act.

2. An employee must exhaust the administrative remedies provided by the Michigan Occupational Safety and Health Act before commencing a civil action alleging retaliatory termination of employment for the filing of a complaint under that act.

Affirmed.

1. ACTIONS — COMMON-LAW ACTIONS — EMPLOYMENT — RETALIATORY DISCHARGE.

No common-law cause of action exists for retaliatory discharge from employment for reporting an employer's violation of law.

REFERENCES

Am Jur 2d, Master and Servant §§ 43, 48.3, 48.7, 49; Plant and Job Safety-OSHA and State Laws §§ 131, 137.

Liability for retaliation against at-will employee for public complaints or efforts relating to health and safety. 75 ALR4th 13.

Liability for discharge of at-will employee for in-plant complaints or efforts relating to working conditions affecting health or safety. 35 ALR4th 1031.

Modern status of rule that employer may discharge at-will employee for any reason. 12 ALR4th 544.

2. Actions — Employment — Retaliatory Discharge — Michigan Occupational Safety and Health Act — Whistleblowers' Protection Act.

An employee whose employment allegedly is terminated in retaliation for filing a complaint against the employer for violations of the Michigan Occupational Safety and Health Act may seek redress under that act or under the Whistleblowers' Protection Act (MCL 408.1001 *et seq.,* 15.362; MSA 17.50[1] *et seq.,* 17.428[2]).

*Roy, Shecter & Vocht, P.C.* (by *Lynn H. Shecter*), for the plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Henry W. Saad* and *Gary S. Casey*), and *H. Elliot Parnes,* for the defendant.

Before: Brennan, P.J., and Michael J. Kelly and D. F. Walsh,* JJ.

Michael J. Kelly, J. Plaintiffs filed the instant lawsuit after plaintiff Arlene Shuttleworth was terminated from her employment by defendant in alleged retaliation for filing a complaint under the Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.;* MSA 17.50(1) *et seq.* The circuit court granted summary disposition pursuant to MCR 2.116(C)(8) in favor of defendant after finding that plaintiff Arlene Shuttleworth had failed to exhaust her administrative remedies under the MIOSHA and had failed to file a timely claim under § 2 of the Whistleblowers' Protection Act (WPA), MCL 15.362; MSA 17.428(2). Plaintiffs appeal as of right, and we affirm.

A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of a claim solely on the basis of the pleadings. All factual allegations made in support of the claim

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

are accepted as true, as well as any reasonable inferences that can be drawn therefrom. The motion is properly granted when the claim is so clearly unenforceable as a matter of law that no factual development could justify a right of recovery. *Parkhurst Homes, Inc v McLaughlin,* 187 Mich App 357, 360; 466 NW2d 404 (1991).

Plaintiffs contend that the trial court erred in finding that the WPA is the exclusive remedy for an employee who has been wrongfully discharged from employment for reporting an employer's violation of the law. Plaintiffs assert that a common-law cause of action for retaliatory discharge predated the WPA and that, therefore, the remedies are cumulative. We disagree.

The WPA provides a remedy to an employee terminated for reporting to any public body a violation of any law or regulation of this state, a political subdivision, or the United States. MCL 15.362; MSA 17.428(2). It is the general rule in this state that when a statute creates a new right or imposes a new duty having no counterpart in the common law, the remedies provided in the statute for its violation are exclusive and not cumulative. *Pompey v General Motors Corp,* 385 Mich 537, 552; 189 NW2d 243 (1971). This Court in *Covell v Spengler,* 141 Mich App 76; 366 NW2d 76 (1985), held that no common-law counterpart existed before passage of the WPA and that, therefore, the act is the exclusive remedy for an employee whose employment is terminated in retaliation for reporting an employer's violation of the law. Plaintiffs have not cited, nor do we find, any common-law counterpart to the WPA.

Although plaintiffs maintain that retaliatory discharge actions predated passage of the WPA, they failed to direct this Court to any decision recognizing a common-law right for the type of

retaliatory discharge that is now protected by the WPA. The only case that we can locate that held that a cause of action for discharge of an employee in retaliation for reporting an employer's violation of law existed before enactment of the WPA is *Watassek v Dep't of Mental Health,* 143 Mich App 556, 564; 372 NW2d 617 (1985). However, the panel in that case recognized the cause of action only after considering the public policy espoused in the WPA itself. The events at issue in *Watassek* occurred before the act took effect in 1981, and the panel therefore looked to the statute as evidence that a recognized public policy existed before the statute was enacted. We find that the conclusion in *Watassek* that there was a preexisting common-law counterpart to the WPA was nothing more than an attempt to give preenactment effect to a statutory right by fabricating a supposed preexisting common-law right wholly from the provisions of the subsequently enacted statute. We therefore decline to hold that a common-law counterpart preexisted the WPA.

Lastly, we note that a separate remedy under the MIOSHA was available to plaintiff Arlene Shuttleworth for being terminated in retaliation for filing a complaint or instituting a proceeding under that act. *Tyrna v Adamo, Inc,* 159 Mich App 592; 407 NW2d 47 (1987). However, before resorting to a civil action, she first must have pursued the administrative remedies contained in the MIOSHA. *Schwartz v Michigan Sugar Co,* 106 Mich App 471, 480; 308 NW2d 459 (1981). The trial court did not err in finding that plaintiff failed to state a claim.

Affirmed.