## FAULKNER v FLOWERS

Docket No. 169088. Submitted May 11, 1994, at Marquette. Decided
September 6, 1994, at 9:10 A.M.

Deborah Faulkner and Debra Holbrook brought an action in the
Luce Circuit Court against Gerald and Helen Flowers, alleging
that the defendants violated the Whistleblowers' Protection
Act, MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.*, when they
discharged the plaintiffs from employment after the plaintiffs
indicated that they were going to report certain business prac-
tices of the defendants to the Internal Revenue Service. The
court, Charles Stark, J., granted summary disposition for the
defendants, finding it lacked subject-matter jurisdiction because
the plaintiffs had filed a complaint with the Department of
Labor, pursuant to the wage and fringe benefits act, MCL
408.471 *et seq.*; MSA 17.277(1) *et seq.*, shortly after being fired,
and the administrative proceeding was still being pursued. The
plaintiffs appealed.

The Court of Appeals *held:*

A plaintiff may initiate a cause of action in the circuit court
under the Whistleblowers' Protection Act while at the same
time pursuing administrative rights under the wage and fringe
benefits act. The two acts provide differing remedies and en-
compass differing, but not conflicting, goals. The plaintiffs'
complaint satisfies the requirements of both acts. The Legisla-
ture provided overlapping remedies for an employee whose
employment is terminated for reporting wage and fringe bene-
fits violations.

Reversed and remanded.

Actions — Employment — Retaliatory Discharge — Whistleblow-
ers' Protection Act — Wage and Fringe Benefits Act.

The Legislature has provided overlapping remedies for an em-

References

Am Jur 2d, Labor and Labor Relations, § 4451; Wrongful Discharge,
§§ 55-57, 216, 241.

Liability for discharging at-will employee for refusing to participate
in, or for disclosing, unlawful or unethical acts of employer or
coemployees. 9 ALR4th 329.

Employee's protection under § 15 (a) (3) of Fair Labor Standards
Act (29 USCS § 215 (a) (3)). 101 ALR Fed 220.

ployee whose employment is terminated for reporting wage and fringe benefits violations by an employer; the employee may initiate a cause of action in the circuit court alleging a violation of the Whistleblowers' Protection Act while at the same time pursuing administrative rights under the wage and fringe benefits act (MCL 15.361 *et seq.*, 408.471 *et seq.*; MSA 17.428[1] *et seq.*, 17.277[1] *et seq.*).

*John H. Underhill, P.C.* (by *John H. Underhill*), for the plaintiffs.

*Moher & Cannello, P.C.* (by *Timothy S. Moher*), for the defendants.

Before: MACKENZIE, P.J., and NEFF and R. L. OLZARK,* JJ.

NEFF, J. Plaintiffs appeal as of right from an order of the circuit court granting summary disposition to defendants. The circuit court determined it was without subject-matter jurisdiction to hear plaintiffs' case, which was based on the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.*, because plaintiffs had already initiated an administrative action with the Department of Labor pursuant to the wage and fringe benefits act, MCL 408.471 *et seq.*; MSA 17.277(1) *et seq.* We reverse the order granting summary disposition to defendants and remand this case to the circuit court for further proceedings.

I

Plaintiffs worked at defendants' establishment as waitresses, cooks, and bartenders. Plaintiffs were allegedly required to put all of the tips they received into a jar, so that defendants could take

* Circuit judge, sitting on the Court of Appeals by assignment.

half of the tips for themselves. When plaintiffs allegedly challenged this practice by claiming they would report defendants to the Internal Revenue Service, they were discharged by defendants. Shortly after being fired, plaintiffs filed a complaint with the Department of Labor pursuant to the wage and fringe benefits act. Shortly thereafter, and while the administrative proceeding was continuing, plaintiffs filed the instant suit in the circuit court.

## II

### A

When reviewing a motion for summary disposition under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to a judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact. MCR 2.116(G)(2) and 2.116(I)(1); *Sargent v Browning-Ferris Industries,* 167 Mich App 29, 33; 421 NW2d 563 (1988).

### B

The relevant portion of the WPA, MCL 15.362; MSA 17.428(2), provides:

An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a

public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

The wage and fringe benefits act provides for the time and manner in which employees receive compensation. The provision relevant to this case, MCL 408.483(2); MSA 17.277(13)(2), provides:

An employee who believes that he or she is discharged or otherwise discriminated against by an employer in violation of this section may file a complaint with the department alleging the discrimination within 30 days after the violation occurs. Upon receipt of the complaint, the department shall cause an investigation to be made. If, upon the investigation, the department determines that this section was violated, the department shall order the rehiring or reinstatement of an employee to his or her former position with back pay.

Defendants argued below that the trial court was without subject-matter jurisdiction to hear plaintiffs' claim because, once plaintiffs initiated the administrative proceeding with the Department of Labor, exclusive jurisdiction vested with that administrative agency.

C

The court below relied primarily on this Court's opinions in *Cockels v Int'l Business Expositions, Inc,* 159 Mich App 30; 406 NW2d 465 (1987), and *Murphy v Sears, Roebuck & Co,* 190 Mich App 384; 476 NW2d 639 (1991), in support of its determination.

In *Cockels,* this Court dealt with whether the

provision of the wage and fringe benefits act regarding retaliatory dismissals provided an exclusive or cumulative remedy with respect to the common law. See *Murphy, supra* at 387. It did not deal with whether that remedy provision is exclusive when a separate statutory provision is involved.

In *Murphy,* the question before this Court was whether a plaintiff must proceed with administrative remedies pursuant to the wage and fringe benefits act where that plaintiff also had an independent common-law remedy. This Court determined that the plaintiff may follow either course, but then, in dicta, went on to state that

> once an employee chooses to pursue the administrative remedy, that remedy must be utilized exclusively, including an appeal to the circuit court. [*Id.* at 388.]

Plaintiffs here, rather than basing their civil complaint on a common-law remedy, seek their remedy pursuant to the WPA, a separate statutory scheme, which itself creates new rights and imposes new duties. See *Tyrna v Adamo, Inc,* 159 Mich App 592, 599-600; 407 NW2d 47 (1987). Accordingly, both *Cockels, supra,* and *Murphy, supra,* are distinguishable from this case. See, e.g., *Tyrna, supra* at 598-599.

D

On appeal, both parties rely on *Shuttleworth v Riverside Osteopathic Hosp,* 191 Mich App 25, 27; 477 NW2d 453 (1991), wherein this Court determined that no common-law cause of action predated the WPA, and that the statute's remedy provision was exclusive. Accordingly, this Court

upheld the dismissal of the plaintiff's complaint that purported to be based on a common-law whistleblowers' theory. *Id.*

After this dispositive ruling was made, this Court, in dicta, also addressed whether a separate remedy was available to the plaintiff under the Michigan Occupational Safety and Health Act (MIOSHA), MCL 408.1001 *et seq.*; MSA 17.50(1) *et seq. Shuttleworth, supra* at 28. This Court determined that the plaintiff had a separate remedy under the MIOSHA, and then stated that "before resorting to a civil action, [the plaintiff] first must have pursued the administrative remedies contained in the MIOSHA." *Id.* Because this language is dicta, we decline to follow it.

E

We find this Court's opinion in *Tyrna, supra,* to be most applicable here. In *Tyrna,* this Court determined that a plaintiff could initiate a cause of action in a civil court under the WPA, while at the same time pursuing administrative rights under the MIOSHA. *Id.* at 600-601. The plaintiff in *Tyrna* was fired after reporting a safety violation to various local officials. *Id.* at 596. The plaintiff filed her MIOSHA complaint after she was fired. *Id.* at 596-597.

This Court began its analysis by examining the purposes behind the two statutes, noting that they overlapped, and determining that the plaintiff's reporting of the violation satisfied the requirements of both statutes. *Id.* at 599. This Court then held

that the Legislature has provided overlapping remedies for an employee whose employment is terminated in retaliation for such reporting. The Legis-

lature has not provided that the employee must pursue only one statutory remedy. [*Id.*]

This Court also determined that the scope of the remedies provided by the WPA differed somewhat from those offered by the MIOSHA. *Id.* at 600. Accordingly, this Court stated that "we see no reason, without further legislative direction, that plaintiff should not be able to pursue a cause of action under both statutes." *Id.* at 600-601.

Similarly, here, the wage and fringe benefits act and the WPA provide differing remedies and encompass differing, but not conflicting, goals. The preamble to the wage and fringe benefits act provides:

> AN ACT to regulate the time and manner of payment of wages and fringe benefits to employees; to prescribe rights and responsibilities of employers and employees, and the powers and duties of the department of labor . . . to provide for settlement of disputes regarding wages and fringe benefits; to prohibit certain practices by employers; to prescribe penalties and remedies.

Thus, the goals of that act relate to wage and fringe benefits issues between an employee and an employer. These goals are narrower than those of the WPA.

The goals of the WPA, according to this Court's opinion in *Hopkins v Midland,* 158 Mich App 361, 374; 404 NW2d 744 (1987), are "to protect the integrity of the law by removing barriers to employee efforts to report violations of the law," and "to protect the public by protecting employees who report violations of laws and regulations." This applies broadly to "reporting to any public body a violation of any law or regulation of this state, a political subdivision, or the United States. MCL 15.362; MSA 17.428(2)." *Tyrna, supra* at 599.

Plaintiffs' complaint in this case, like that in *Tyrna, supra,* satisfies the requirements of both statutes.

### III

We hold that the Legislature has provided overlapping remedies for an employee whose employment is terminated for reporting wage and fringe benefits violations. We find it within the legislative intent for a plaintiff to pursue a WPA cause of action even though that plaintiff has already initiated a wage and fringe benefits act administrative proceeding. The WPA provides remedies not available in the wage and fringe benefits act, cf. MCL 408.483(2); MSA 17.277(13)(2) with MCL 15.364; MSA 17.428(4); see also *Tyrna, supra* at 600. There are no conflicts between the remedies provided, and the goals of the two statutes are complementary.

In addition, if plaintiffs were to be relegated to their wage and fringe benefits act remedy, they could lose their WPA remedies if the resolution of the wage and fringe benefits act claims took longer than ninety days from the occurrence of the alleged violations. See MCL 15.363(1); MSA 17.428(3)(1). Thus, our holding here serves the beneficial purpose of allowing an harmonious reading of both statutes. See *House Speaker v State Administrative Bd,* 441 Mich 547, 568-569; 495 NW2d 539 (1993).

Accordingly, we reverse the lower court's determination that it lacked subject-matter jurisdiction to hear plaintiffs' case and remand this case for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.