**Daniel A. SCHMITT, Plaintiff,**

v.

**CITY OF DETROIT, Loretta Neal, Mark Vann, James Florkowski, Bryant Jenkins, and T.W. Graphics, Defendants.**

No. CIV. 02–74719.

United States District Court,
E.D. Michigan,
Southern Division.

June 12, 2003.

Cyril V. Weiner, Elizabeth C. Thomson, Weiner & Cox, P.L.C., Southfield, MI, for plaintiff.

James D. Noseda, City of Detroit Law Department, Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

### I.

Before the court is the City of Detroit's ("the City") Motion to Dismiss. Fed. R.Civ.P. 12(b)(6). Plaintiff alleges that the City's personal income tax collection practices violated § 7(b) of the Privacy Act of 1974 (" § 7(b)"). 5 U.S.C. § 552a(e). At the first scheduled oral argument, Plaintiff stated that the City had raised new arguments in its Reply brief to which Plaintiff did not have an opportunity to respond on account of the court's briefing schedule. Plaintiff then requested leave to file a Supplemental Response brief. The court granted Plaintiff's request and also allowed the City to file a Supplemental Reply. On May 19, 2003, the court again heard oral argument on the City's motion. For the reasons explained below, the court GRANTS Defendant's Motion to Dismiss.

### II.

The City imposes and collects income taxes from its residents as well as from non-residents who work in the City. The City requires taxpayers to provide their social security numbers on tax forms. In 2001, the City hired a contractor to print, address and otherwise prepare the 2001 City income tax forms for distribution to taxpayers who had filed a tax return the previous year. The contractor printed taxpayers' social security numbers on the mailing labels of certain tax forms. In January 2002, the City's Mayor, Kwame Kilpatrick, mailed a letter of apology to taxpayers for the mailing label mishap.

Plaintiff filed a five-count, class action complaint alleging that the City had violated § 7(b) of the Privacy Act. 5 U.S.C. § 552a(e). Plaintiff's complaint also included allegations of negligence, invasion of privacy and emotional distress. Three Defendants originally filed this Motion to Dismiss: the City, James Florkowski and Bryant Jenkins, the City's Manager and Principal Accountant, respectively. At the first oral argument, Plaintiff agreed to dismiss the federal claims against all of the individual defendants noting that the Privacy Act does not provide for suits against private persons. 5 U.S.C. § 552a(e). This court then dismissed the individual defendants with prejudice and declined to exercise pendent jurisdiction over Plaintiff's state law claims, none of which were against the City. The only pending claim before this court is Plaintiff's allegation that the City violated § 7(b). 5 U.S.C. § 552a(e).

Specifically, Plaintiff claims that the City violated § 7(b) by failing to include a disclosure statement outlining the purpose for requesting taxpayers' social security numbers and the intended uses for that information.[1] 5 U.S.C. § 552a(e). The City contends that a 1976 amendment to the Social Security Act, 42 U.S.C. § 405(c)(2)(C)(i), partially repealed the

---

1. 5 U.S.C. § 552a(e)(3) states, in relevant part, that:

Each agency that maintains a system of records shall-

(3) inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual-

(A) the authority (whether granted by statute, or by executive order of the President) which authorizes the solicitation of the information and whether disclosure of such information is mandatory or voluntary;

(B) the principal purpose or purposes for which the information is intended to be used;

(C) the routine uses which may be made of the information ...; and

(D) the effects on him, if any, of not providing all or any part of the requested information.

Privacy Act of 1974, thereby allowing the City to require and use social security numbers in the administration of any tax law.[2] The City further contends that federal tax law dictates that social security numbers be used as a taxpayer's identification number. *See*, 26 U.S.C. § 6109(d).[3] At the first scheduled oral argument, the City, however, conceded that it intended to attach a disclosure statement to its tax forms in the future in order to comply with § 7(b). Plaintiff countered that he was seeking attorney fees and damages in addition to the prospective declaratory relief which the City had offered, hence the need for additional briefing and oral argument.[4] This memorandum constitutes the court's findings of fact and law concerning the application of § 7(b) of the Privacy Act of 1974 to the City's administration of its tax laws.

### III.

Plaintiff maintains that § 7(b) affords an implied private right of action. Plaintiff asserts that if he is not entitled to seek the remedies available under the statute, then the provisions of the Privacy Act that apply to local agencies provide empty rights with no means of enforcement. Converse-

ly, the City has argued that Plaintiff has no claim, implied or otherwise, under the Privacy Act, save a possible action for declaratory relief only, on the limited issue of whether the City's tax form must include a § 7(b) disclosure statement. Plaintiff's claims against the City present two issues: 1) whether or not there is an implied cause of action that would allow Plaintiff to privately enforce § 7(b), and 2) if Plaintiff does have an implied cause of action, whether or not plaintiff is entitled to an award of damages and attorney fees in addition to the prospective declaratory relief to which the City has stipulated.

### A. Implied Private Cause of Action

Plaintiff avers that whether an individual has an implied cause of action depends on the following four factors: 1) whether Plaintiff belongs to the class for whose benefit the statute was enacted; 2) whether the legislature intended, explicitly or implicitly, to create an implied cause of action; 3) whether an implied cause of action is consistent with the underlying purpose of the legislative scheme; and, 4) whether the cause of action is one traditionally relegated to state law, such that it

---

**2.** The Social Security Act states that:

It is the policy of the United States that any State (or political subdivision thereof) may, in the administration of any tax, . . . within its jurisdiction, utilize the social security account numbers issued by the Commissioner of Social Security for the purpose of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Commissioner of Social Security. 42 U.S.C. § 405(c)(2)(C)(i).

**3.** 26 U.S.C. § 6109(d) states, in relevant part, that:

The social security account number issued to an individual . . . shall, except as shall otherwise be specified under regulations of the Secretary, be used as the identifying number for such individual for purposes of this title.

**4.** Plaintiff's counsel stated that several cases, particularly *Ohlsen v. DST Indus.*, 314 N.W.2d 699, 111 Mich.App. 580 (1981), supported his position. Plaintiff failed, however, to discuss that case in his Supplemental Brief filed with this court. Incidentally, because the *Ohlsen* court held that the plaintiff had no private right of action to enforce a private employer's violation of the state's occupational safety statute, the *Ohlsen* case does not support Plaintiff's argument.

would be inappropriate to imply a cause of action based solely on federal law. *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Defendant contends that courts must look to a statute's rights-creating language as well as look for a focus on individuals in a statute's text to determine whether Congress intended to create an implied private cause of action. *Gonzaga Univ. v. Doe,* 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002).

1. Congressional Intent.

 Whether a statute is enforceable under an implied right of action theory "require[s] a determination as to whether or not Congress intended to confer individual rights upon a class of beneficiaries." *Gonzaga,* 536 U.S. at 285–86, 122 S.Ct. 2268, 153 L.Ed.2d 309. "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval,* 532 U.S. 275, 289, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). The Supreme Court's recent decisions are unequivocal. Legislative intent is the determinative factor "in discerning whether personal rights exist in the implied right of action context." *Gonzaga,* 536 U.S. at 285–86, 122 S.Ct. 2268, 153 L.Ed.2d 309; *see also, Sandoval,* 532 U.S. at 289, 121 S.Ct. 1511, 149 L.Ed.2d 517 (stating that Congress has the sole authority to create private causes of action); *Cline v. Rogers,* 87 F.3d 176, 182 (6th Cir.1996)(recognizing the Supreme Court's apparent modification of the *Cort* analysis).

 Next, the court turns to an examination of congressional intent in drafting the Privacy Act's enforcement provisions. 5 U.S.C. § 552a(g).

The Privacy Act states that

Whenever any agency fails to comply with any ... provision of this section, ... in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection. 5 U.S.C. § 552a(g)(1)(D).

Thus, the Privacy Act's language leaves no doubt as to the drafters' intent. Congress explicitly authorizes individual causes of action for failure to comply with § 7(b)'s notice requirements. 5 U.S.C. § 552a(e).

2. Available Remedies.

The inquiry, however, does not end with the determination that Congress intended to allow private causes of action to enforce the federal law in question. The Supreme Court has instructed that "[e]ven where a statute is phrased in such explicit rights-creating terms, a plaintiff suing under an implied right of action still must show that the statute manifests an intent to create not just a private right but also a private remedy." *Sandoval,* 532 U.S. at 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (citations omitted). Without a private remedy, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* Therefore, in order to determine if a private right of action can be implied in Plaintiff's favor, this court must also consider the remedies available under the statute. *Id.*

The Privacy Act's civil remedies provision, as noted above, states that an individual may bring a civil action against an agency. 5 U.S.C. § 552a(g)(1). The term "agency," borrowed from the Freedom of Information Act,

[I]ncludes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government

(including the Executive Office of the President), or any independent regulatory agency. 5 U.S.C. § 552(f).

The term "agency" is further clarified to mean "each authority of the Government of the United States, whether or not it is within or subject to review by another agency." 5 U.S.C. § 551(1).

Congress has meticulously outlined the definition of "agency" as indicated by its explicit exclusion of several possible entities from that term. 5 U.S.C. § 551(1) (listing eight entities excluded from the term "agency," among them are Congress, the federal courts and the government of the District of Columbia); 5 U.S.C. § 552(f). Congress' attention to detail in drafting several pieces of legislation delineating what an agency is and what it is not indicates that if Congress intended to authorize private causes of action against municipalities, then it would have done so explicitly. The private cause of action which the Privacy Act affords is, thus, limited to causes of action against federal agencies. *See, e.g., Unt v. Aerospace Corp.,* 765 F.2d 1440, 1447 (9th Cir.1985) (citations omitted)("The private right of civil action created by the [Privacy] Act is specifically limited to actions against agencies of the United States Government").

■ The City is not an agency under any statutory definition. 5 U.S.C. § 551(1); 5 U.S.C. § 552(f). Although the Privacy Act affords a private right of action to enforce its provisions, the statute does not provide a private remedy against a municipal corporation, or any other state

actor for that matter. *Sandoval,* 532 U.S. at 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (citations omitted). The court rejects Plaintiff's argument that unless an implied private cause of action exists for § 7(b), then the statute designed to protect the privacy of taxpayers' social security numbers is an empty provision. Consistency with the statute is not the test for whether a private cause of action can be implied, but rather congressional intent is the relevant inquiry. *Id.* The court thus finds that the City is not properly subject to the requirements of § 7(b) of the Privacy Act and that it would be improper for this court to imply a private cause of action against the City. *Id.; Gonzaga,* 536 U.S. at 285–86, 122 S.Ct. 2268, 153 L.Ed.2d 309.

**B. Damages**

Plaintiff has also asserted that he is entitled to damages as specified in the Privacy Act which include a minimum award of $1,000.00 for each violation of § 7(b), in addition to attorney fees and costs. 5 U.S.C. 552a(g)(4).[5] Alternatively, Plaintiff states that he is entitled to attorney fees and costs due to his successful procurement of declaratory relief on behalf of himself and other taxpayers who will benefit from the City's concession that it will add a disclosure statement to its future tax forms indicating the City's intended use of and purpose for requesting taxpayers' social security numbers. Although the court has already established that Plaintiff does not have an implied cause of action to enforce § 7(b), the court nevertheless addresses each of these arguments

---

**5.** 5 U.S.C. 552a(g)(4) states, in relevant part, that:

(4) In any suit brought under the provisions of ... this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of-

(A) actual damages sustained by the individual as a result of the refusal or failure, but in case shall a party entitled to recovery receive less than the sum of $1,000; and

(B) the costs of the action together with reasonable attorney fees as determined by the court.

in turn in order to resolve Plaintiff's request for damages.

### 1. Damages Pursuant to the Privacy Act

■ In order to prevail on a claim arising under the Privacy Act, Plaintiff must establish that 1) the City failed to notify him of the purpose for requesting his social security number; 2) the City's actions had an adverse effect on Plaintiff; and, 3) the City willfully or intentionally violated § 7(b). 5 U.S.C. 552a(e)(3); *see also, Cardamone v. Cohen,* 241 F.3d 520, 525 (6th Cir.2001). It is undisputed that the City did not inform Plaintiff or any other taxpayer of the purpose for requesting social security numbers on tax forms. It is implausible that the City's actions adversely affected Plaintiff because he has admitted that the City did not harm him by requesting his social security number.[6] Further, the City has argued that its request for taxpayers' social security numbers is effectively mandated by the Internal Revenue Service's ("IRS") use of those numbers for taxpayer identification purposes, as well as on federal tax forms such as the W–2. 26 U.S.C. § 6109(d). Inasmuch as the City requests taxpayers social security numbers' for taxpayer identification purposes, and that such is the practice of the IRS and most local and state tax authorities, Plaintiff has also failed to show that the City acted intentionally or willfully. Therefore, even if he had an implied cause of action, Plaintiff has met neither the statutory criteria nor the Sixth Circuit test for entitlement to damages pursuant to the Privacy Act. 5 U.S.C. § 552a(e)(3); *Cardamone,* 241 F.3d at 525.

### 2. Class Benefit Theory

■ Plaintiff relies on *Mills v. Electric Auto–Lite,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970), for the proposition that he is entitled to attorney fees for securing prospective declaratory relief on behalf of others. This court finds that *Mills* is inapplicable authority for two reasons. 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593. First, the Plaintiff has neither moved for, nor has the court granted, certification of the class for whose benefit Plaintiff seeks relief for having to disclose their social security numbers. Having admitted that he suffered no harm as a result of the City's failure to provide a disclosure statement in accordance with § 7(b), Plaintiff would not be an appropriate class representative. *Courtney v. Smith,* 297 F.3d 455, 467 (6th Cir.2002) (citations omitted)(noting that as a prerequisite to class certification it must be established that the class representative has standing to pursue the claims as to which class-wide relief is sought). Even if an implied private right of action to enforce § 7(b) existed, which it does not, Plaintiff has no standing to pursue relief on behalf of the class. *Id.* Therefore, he should not be allowed to secure attorney fees for obtaining prospective declaratory relief on behalf of a class which he cannot appropriately represent. *Id.*

Second, the Court in *Mills* created a very narrow exception to the general rule that attorney fees cannot be awarded for seeking relief on behalf of a class absent securing a substantial economic benefit for that class. *Mills,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593. The Court found in that case that the absence of statutory authority did not preclude granting attorney fees in successful shareholder lawsuits

---

6. "Plaintiff ... does not claim to have been denied of any right or privilege." Pl.'s Response Br. to Def.'s Mot. to Dismiss. p. 6.

wherein the plaintiffs obtained declaratory relief, because such lawsuits theoretically benefit the entire corporation. *Id.* Plaintiff is not seeking relief on behalf of shareholders or even on behalf of a certified class, nor has Plaintiff obtained relief from the court. Therefore, Plaintiff's request for attorney fees must be denied because it does not fit the very limited class benefit exception articulated in *Mills. Id.*

The court thus finds that 1) Plaintiff has no implied cause of action to enforce § 7(b), and 2) Plaintiff is not entitled to damages under the Privacy Act or pursuant to a class benefit theory because Plaintiff has no standing to sue and, therefore, is not an appropriate class representative. 5 U.S.C. § 552a(g).

### IV.

The court having heard oral argument on May 19, 2003, and being otherwise fully advised on the premises;

Now therefore,

IT IS ORDERED that Plaintiff is limited to the prospective declaratory relief outlined in the Order which was presented by the Defendant City and is attached to this Memorandum Opinion.

IT IS SO ORDERED.

### ORDER GRANTING DECLARATORY RELIEF DISMISSING REMAINING FEDERAL LAW CLAIMS, AND DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE

This matter comes before the Court on motion under F.R. Civ. P. 12(b)(6) by defendants City of Detroit, James Florkowski and Bryant Jenkins for dismissal of the plaintiff's federal law claims under Section 7(b) of the Privacy Act of 1974. Plaintiff's counsel has agreed to dismiss the federal claim against all defendants other than the City of Detroit. The Court finds that there is no express nor implied cause of action for damages or other relief under the Privacy Act against a state actor other than for prospective declaratory relief. The City of Detroit has agreed to include a Privacy Act notice on City income tax forms. All federal law claims in this action having been resolved before discovery, it serves the interest of judicial economy, convenience, fairness and comity to decline to exercise supplemental jurisdiction over plaintiff's state law tort claims.

Now, therefore, it is ordered:

1. The Court declares, under section 7(b) of the Privacy Act of 1974, that on and after the date of this order, the following statement or its reasonable equivalent be included with City of Detroit income tax return forms which request a social security account number:

The disclosure of social security account number(s) on this tax return is mandatory. This solicitation and use of social security account numbers is authorized by federal law (42 USC § 405(c)(2)(C)(i)), Michigan law (MCL 141.642), and city of Detroit ordinance (1984 Detroit City Code § 18–10–11). The City of Detroit uses social security account numbers in the administration of its income tax law for the purpose of establishing taxpayer identification, to automate and unify its tax reporting and collection, and as otherwise needed for the administration of the City's income tax laws. Under 1984 Detroit City Code § 18–10–16, any information gained by the income tax administrator, city treasurer or other city official, agent or employee as a result of a tax return, investigation, hearing or verification required or authorized by the Uniform Income Tax Ordinance is confidential, except for official purposes in

connection with the administration of the ordinance, and except in accordance with a proper judicial order.

2. Except for the above prospective declaratory relief, plaintiff fails to state a claim under federal law upon which relief can be granted and its federal law claim is dismissed.

3. Under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims and those claims are dismissed without prejudice

4. There are no other pending claims and this order closes the case.