Brent KAUFMAN, Plaintiff,

v.

BASF CORPORATION, Defendant.

No. 99–CV–74718–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 19, 2000.

John M. Peters, Bloomfield Hills, MI, for Plaintiff.

Stuart H. Teger, Detroit, MI, for Defendant.

## OPINION

DUGGAN, District Judge.

On August 26, 1999, Plaintiff Brent Kaufman filed a two-count complaint against Defendant BASF Corp., in the Wayne County Circuit Court, alleging a violation of the "intentional tort exception" to the Michigan Workers' Disability Compensation Act ("MWDCA") (count I), and "retaliation" (count II). On September 27, 2000, Defendant removed the case to this Court on the basis of diversity of citizenship. This matter is before the Court on Defendant's motion for summary judgment. A hearing was held on Defendant's motion on July 18, 2000.

### Background

Plaintiff was injured when a block of melted A-nylon, which had been cooled by water causing a hard outer shell to form, unexpectedly exploded at Defendant's plant in Wyandotte, Michigan. The explosion occurred while the plant employees were utilizing a "shortcut" method to cool the A-nylon block.

### Discussion

*Standard of Review*

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any materi-

al fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of informing the court of the basis for his or her motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The movant must demonstrate either the absence of a genuine issue of fact or the absence of evidence supporting the nonmoving party's case. *See id.* at 325, 106 S.Ct. at 2554.

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

When determining whether there is a genuine issue for trial, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *accord Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "Although [the nonmoving party] is entitled to a review of the evidence in the light most favorable to him or her, the nonmoving party is required to do more than simply show that there is some 'metaphysical doubt as to . the material facts.'" *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir.1994) (quoting *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356).

Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"

*Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting FED. R. CIV. P. 56(e)). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

*Intentional Tort Exception*

The MWDCA provides, in pertinent part:

> The right to recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under the law.

MICH. COMP. LAWS § 418.131(1). Plaintiff claims that his complaint states a cause of action under the foregoing intentional tort exception. Because Plaintiff admitted in his deposition that he has no direct evidence that any supervisor who worked for Defendant intended for him to be injured, he must prove his case via circumstantial evidence. (*See* Kaufman Dep. at 105).

█ Thus, Plaintiff must prove that (1) the employer had actual knowledge, (2) that an injury was certain[1] to occur, and (3) that the employer willfully disregarded that knowledge. *Travis v. Dreis & Krump Mfg. Co.*, 453 Mich. 149, 173, 551 N.W.2d 132 (1996). With respect to the

---

1. The Michigan Supreme Court defined "certain" to mean "sure and inevitable." *Travis* *v. Dreis & Krump Mfg. Co.*, 453 Mich. 149, 174, 551 N.W.2d 132 (1996).

actual knowledge requirement, the Michigan Supreme Court stated:

> Because the Legislature was careful to use the term "actual knowledge," and not the less specific word "knowledge," we determine that the Legislature meant that constructive knowledge is not enough. Nor is it sufficient to allege that the employer should have known, or had reason to believe, that the injury was certain to occur. A plaintiff may establish a corporate employer's actual knowledge by *showing that a supervisor or managerial employee had actual knowledge that an injury would follow from what the employer deliberately did or did not do.*

*Id.* at 173–74, 551 N.W.2d 132 (internal citations omitted) (emphasis added).

■ Viewing the evidence in a light most favorable to Plaintiff, this Court is satisfied that Plaintiff cannot meet the burden of proving that the employer had actual knowledge that an injury was certain to occur. At the hearing on July 18, 2000, counsel for Plaintiff was unable to identify any particular supervisory or managerial employee who had "actual knowledge" that an injury was certain to occur. At best, Plaintiff was able to identify two individuals who Plaintiff believes, based on the circumstances existing, must have had "actual knowledge." Plaintiff relies on *Golec v. Metal Exchange Corp.*, 453 Mich. 149, 551 N.W.2d 132 (1996), the companion case to *Travis*, to support his argument which, in essence, is that based on the conditions then existing, these two individuals, George Heck and Tony Marrissi, "must have known" that an injury was certain to occur.[2]

Plaintiff's reliance on *Golec* is misplaced. In *Golec*, the Michigan Supreme Court illustrated its ruling that there must be "actual knowledge" on the part of a particular employee by pointing out that the evidence, in that case, revealed that an employee of the defendant, Richard Rziemkowski, was told of an earlier explosion that day yet "ordered plaintiff back to work." *Id.* at 187, 551 N.W.2d 132. In concluding that the plaintiff had presented a question of fact, the Michigan Supreme Court stated: "in this case, plaintiff Golec presented evidence that defendant Rziemkowski ordered plaintiff back to work in the face of a known danger." *Id.* at 191, 551 N.W.2d 132. Because there was evidence that Rziemkowski *actually* knew of the danger, the Court found that the jury could conclude that Rziemkowski "personally possessed the intent to injure plaintiff." *Id.* No such similar facts exist in the instant case. Plaintiff cannot establish that any employee had the "actual knowledge" that *Travis/Golec* requires.

With respect to the "certainty" prong, Defendant must have "be[en] aware that the injury is certain to occur from what the actor d[id]." *Id.* at 176, 551 N.W.2d 132. Moreover, "[w]hen an injury is 'certain' to occur, no doubt exists with regard to whether it will occur." *Id.* at 174, 551 N.W.2d 132. Plaintiff's own deposition testimony demonstrates that the explosion that injured Plaintiff was far from *certain* to occur. Plaintiff stated, regarding the procedure that caused the explosion: "I mean it happened *so randomly* that you didn't think anyone would *ever* get hurt. I don't think you're *ever* thinking that someone would get hurt." (Kaufman Dep. at 114–15) (emphasis added).

Plaintiff contends that the accident was "certain" to occur because a report by the Michigan Occupational Safety and Health Administration ("MIOSHA"), which recommend a finding of a "willful, serious violation" found, *inter alia*, that: "With reasonable diligence the employer knew of the hazards associated with hot material being cooled by cool water." (MIOSHA Narrative at 8). However, the Michigan

---

2. In support of Defendant's argument that Heck did not have actual knowledge that injury was certain to happen, defense counsel pointed out that Heck was standing next to Plaintiff when the injury occurred.

Court of Appeals has held that such a report was insufficient to meet the intentional tort exception because the report failed to indicate that a specific supervisory employee had actual knowledge that an injury was certain to occur. *See Palazzola v. Karmazin Prod. Corp.*, 223 Mich.App. 141, 152, 565 N.W.2d 868 (1997) (Young, J.). Liability under the intentional tort exception cannot be premised upon "constructive, imputed, or implied knowledge." *Id.* (citing *Travis*, 453 Mich. at 173, 551 N.W.2d 132). In the instant case, nothing in the MIOSHA report establishes that any supervisor involved in the specific incident that injured Plaintiff had actual knowledge that injury was certain.

Plaintiff also proffers the declaration of his expert, Dan Beabout, who avers that Defendant "should have known that these types of explosions would occur." (Beabout Decl. at ¶ 11). However, the Michigan Supreme Court has expressly stated that "conclusory statements by experts are insufficient to allege the certainty of injury contemplated by the Legislature." *Travis*, 453 Mich. at 174, 551 N.W.2d 132. Furthermore, the Michigan Supreme Court has specifically rejected a "should have known" standard, to wit: "Nor is it sufficient to allege that the employer *should have known*, or had reason to believe, that the injury was certain to occur." *Id.* at 173, 551 N.W.2d 132 (emphasis added). Accordingly, Plaintiff's expert's declaration is insufficient to withstand summary judgment on this issue.

Furthermore, Defendant's plant operated seven days a week, twenty-four hours a day, 365 days a year for nearly ten years, and the same explosion that injured Plaintiff had not occurred since October of 1994. Therefore, based on the foregoing admissions and evidence, this Court cannot say that "no doubt exist[ed] with regard to whether [the explosion would] occur." *See id.* Accordingly, because Plaintiff cannot

establish that any supervisory or managerial employee had "actual knowledge" that an injury was certain to occur, his claim under the intentional tort exception fails, and the Court shall grant summary judgment to Defendant on count I.

*Retaliation*

In Count II of his complaint, Plaintiff alleges that "he has dutifully reported the circumstances leading to his injuries to all parties who have inquired, including administrative and other agencies" (Compl. at 11), and that "Defendant has engaged in a deliberate campaign of retaliatory actions . . . ." (*Id.* at 12)

Plaintiff, however, has not identified the conduct of Plaintiff that would, as a matter of law, prohibit "retaliation;" nor has Plaintiff pointed to any evidence, whatsoever, to establish a causal connection between the "conduct" of Plaintiff, which he believes led to the "retaliation," and the alleged "retaliatory actions" of Defendant.

To the extent Plaintiff is contending that his contact with MIOSHA was the conduct that Plaintiff claims caused him to suffer adverse employment action as a result of Defendant's "retaliation," Plaintiff's own testimony refutes such claim. The following colloquy from Plaintiff's deposition demonstrates the foregoing, unequivocally:

Q: Do you believe that the company's reason for denying these raises to you has anything to do with the fact that you talked to the individual from MIOSHA?

A: No.

(Kaufman Dep. at 69).

The Court is satisfied that Plaintiff has not only failed to allege a cause of action that would entitle him to damages as a result of "retaliation," but also that Plaintiff can produce no evidence to support a claim of "retaliation." [3]

*Ohlsen v. DST Indus., Inc.*, 111 Mich.App. 580, 585, 314 N.W.2d 699 (1981).

---

**3.** Furthermore, if Plaintiff's claim of "retaliation" relates to his contacts with MIOSHA, he is limited to administrative remedies. *See*

Therefore, the Court shall also grant summary judgment to Defendant on count II.

### Conclusion

For the reasons set forth above, the Court shall grant Defendant's motion for summary judgment.

A Judgment consistent with this Opinion shall issue forthwith.