Brent KAUFMAN, Plaintiff–Appellant,

v.

BASF CORPORATION, a foreign corporation, Defendant–Appellee.

No. 00–1977.

United States Court of Appeals, Sixth Circuit.

Feb. 14, 2002.

Before RYAN and GILMAN, Circuit Judges, and POLSTER, District Judge.*

RYAN, Circuit Judge.

In this diversity-based action, the plaintiff-employee, Brent Kaufman, seeks to recover for personal injuries he sustained when an A-nylon purge block exploded, emitting 500 degree Fahrenheit molten material, while working at BASF Corporation's EPC plant in Wyandotte, Michigan. In a two-count complaint, Kaufman alleged: (1) a violation of the intentional tort exception to the exclusive remedy provision of the Michigan Worker's Disability Compensation Act (MWDCA), MICH.

COMP. LAWS ANN. § 418.131(1); and (2) retaliation.

## I.

Kaufman appeals the district court's grant of summary judgment in favor of the defendant-employer, BASF, contending that the record establishes genuine issues of material fact from which a reasonable juror could conclude that BASF had intentionally injured him. We note that Kaufman's retaliation claim was not raised in this court and is not before us. The only issue before us, therefore, is whether Kaufman has presented sufficient evidence as a matter of law to state a question for the jury regarding his employer's liability within the intentional tort exception of the MWDCA. We agree with the district court that Kaufman has not done so.

## II.

The MWDCA provides in relevant part:

The only exception to [the] exclusive remedy [provided in the Act] is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.

MICH. COMP. LAWS ANN. § 418.131(1). The Honorable Patrick J. Duggan, United States District Judge, in a well-reasoned opinion, concluded: "[B]ecause Plaintiff cannot establish that any supervisory or managerial employee had 'actual knowledge' that injury was certain to occur, [the

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

plaintiff's] claim under the intentional tort exception fails." *Kaufman v. BASF Corp.,* 109 F.Supp.2d 715, 718 (E.D.Mich.2000). We agree entirely with the sound reasoning of the learned district judge, and do not believe that we can improve upon it. We therefore adopt as our own the district court's opinion as it relates to Kaufman's claim regarding the intentional tort exception of the MWDCA. This adoption in no way expresses an opinion on the district court's treatment of Kaufman's retaliation claim, as that claim is not before us.

## III.

The judgment of the district court is therefore AFFIRMED.