VAGTS v PERRY DRUG STORES, INC

Docket No. 146744. Submitted December 15, 1993, at Detroit. Decided
April 5, 1994, at 9:15 A.M. Leave to appeal sought.

Betty Vagts brought an action in the Oakland Circuit Court
against Perry Drug Stores, Inc., alleging that she was construc-
tively discharged from employment in violation of public policy.
The court, Fred D. Mester, J., granted summary disposition for
the defendant, finding no question of material fact and that the
defendant was entitled to a judgment as a matter of law. The
plaintiff appealed.

The Court of Appeals *held:*

1. The plaintiff's complaint fails to state a claim under any of
the three public policy exceptions to the employment-at-will
doctrine. Therefore, the trial court should have dismissed the
complaint on that basis.

2. The three public policy exceptions are based on the princi-
ple that some grounds for discharging an employee are so
contrary to public policy as to be actionable. The first exception
applies to grounds most often found in explicit legislative
statements prohibiting the discharge, discipline, or other ad-
verse treatment of employees who act in accordance with a
statutory right or duty. The second exception finds sufficient
legislative expression of policy to imply a cause of action for
wrongful termination even in the absence of an explicit prohi-
bition on retaliatory discharge, such as where the alleged
reason for the discharge was the employee's failure or refusal
to violate a law in the course of employment. The third excep-
tion finds an implied prohibition on retaliatory discharge where
the reason for the discharge was the employee's exercise of a
right conferred by a well-established legislative enactment.

3. With regard to the first exception, the only statute that
arguably would prohibit a discharge in the situation involved
in this case is the Whistleblowers' Protection Act, MCL 15.361

REFERENCES

Am Jur 2d, Master and Servant §§ 34, 43; Wrongful Discharge
§§ 44-54, 194, 214.

Modern status of rule that employer may discharge at-will em-
ployee for any reason. 12 ALR4th 544.

*et seq.*; MSA 17.428(1) *et seq.* The plaintiff, however, may not avail herself of the protection of the act because she did not refuse to perform an illegal act, did not report or threaten to report illegal activity, and did not file her action within the statutory period of limitation. In addition, where a statute confers upon a victim of retaliation the right to sue, that person may not also assert a claim of discharge in violation of public policy. Thus, the plaintiff in this case may not use the Whistleblowers' Protection Act as a source of public policy to establish a claim under the first exception.

4. The plaintiff cannot establish a claim under the second exception because her alleged refusal to violate the law happened at the same time as her resignation and the defendant had no opportunity to act appropriately or inappropriately in reaction to her alleged refusal.

5. The third exception is inapplicable because the plaintiff did not claim to have been constructively discharged for exercising a statutory right.

6. Constructive discharge is not in itself a cause of action; rather, it is a defense against the argument that no suit should lie in a specific case because the plaintiff left the job voluntarily. Thus, where constructive discharge is alleged, an underlying cause of action is needed.

Affirmed.

1. LABOR RELATIONS — EMPLOYMENT TERMINABLE AT WILL — PUBLIC POLICY EXCEPTIONS.

Employment relationships generally are terminable at will, with or without cause and, at any time for any, or no, reason; however, three exceptions to this rule have been recognized, based on the principle that some grounds for discharging an employee are so contrary to public policy as to be actionable: the first exception applies where legislative statements explicitly prohibit the discharge, discipline, or other adverse treatment of employees who act in accordance with a statutory right or duty; the second exception applies where sufficient legislative expression of policy implies a cause of action for wrongful termination even in the absence of an explicit prohibition on retaliatory discharge, such as where the alleged reason for the discharge was the employee's failure or refusal to violate a law in the course of employment; the third exception applies where the reason for the discharge was the employee's exercise of a right conferred by a well-established legislative enactment.

2. LABOR RELATIONS — RETALIATORY DISCHARGES — STATUTORY CAUSE OF ACTION — PUBLIC POLICY CLAIMS.

Where a statute confers upon a victim of a retaliatory discharge

from employment the right to sue, that person may not also assert a claim of discharge in violation of public policy; a public policy claim is sustainable only where there is no applicable statutory prohibition against discharge in retaliation for the conduct at issue.

3. LABOR RELATIONS — ACTIONS — DEFENSES — CONSTRUCTIVE DISCHARGE.

Constructive discharge from employment is not in itself a cause of action; rather, it is a defense against the argument that no suit should lie in a specific case because the plaintiff left the job voluntarily; there must be an underlying cause of action where constructive discharge is alleged.

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C.* (by *Kathleen L. Bogas*), for the plaintiff.

*Dykema Gossett* (by *Joseph A. Ritok, Jr.,* and *Lauren A. Rousseau-Rohl*), for the defendant.

Before: HOOD, P.J., and MURPHY and FITZGERALD, JJ.

PER CURIAM. This is an employment case. Plaintiff appeals as of right from the trial court's dismissal, under MCR 2.116(C)(10), of her claim of constructive discharge in violation of public policy. We affirm, albeit for reasons other than those of the trial court.

Plaintiff worked in defendant's advertising department. She claims that she was repeatedly asked to bill vendors for coupon ads that were not printed until after the coupons had expired and to lie about when the ads had been published. Plaintiff claims that she viewed this as fraud and objected, although she did not refuse to do the billing.

Eventually, plaintiff's co-worker at the advertising department left and plaintiff resigned. Plaintiff alleges that, because defendant claimed that the

billing problems were not intentional but were instead due to a backlog, they would surely recur now that her department would be even more shorthanded. She argues that the trial court erred in finding that, taking plaintiff's allegations as true, there was no question of material fact and defendant was entitled to judgment as a matter of law. We agree only in part.

Generally, employment relationships are terminable at will, with or without cause, "at any time for any, or no, reason." *Suchodolski v Michigan Consolidated Gas Co,* 412 Mich 692, 694-695; 316 NW2d 710 (1982). "However, an exception has been recognized to that rule, based on the principle that some grounds for discharging an employee are so contrary to public policy as to be actionable." *Id.* at 695. These grounds are "[m]ost often . . . found in explicit legislative statements prohibiting the discharge, discipline, or other adverse treatment of employees who act in accordance with a statutory right or duty." *Id.* (first exception). "[C]ourts have also occasionally found sufficient legislative expression of policy to imply a cause of action for wrongful termination even in the absence of an explicit prohibition on retaliatory discharges" such as "where the alleged reason for the discharge . . . was the [employee's] failure or refusal to violate a law in the course of employment." *Id.* (second exception). Courts have also "found implied a prohibition on retaliatory discharges when the reason for a discharge was the employee's exercise of a right conferred by a well-established legislative enactment." *Id.* at 695-696 (third exception).

The first and third forms of public policy claims identified in *Suchodolski* clearly rely upon a statute for the source of an identifiable public policy. See *id.* In *Suchodolski,* for example, the Court

found no grounds to imply a cause of action where the employee was discharged for reporting accounting irregularities and mismanagement. For a source of public policy, the employee relied upon the internal code of ethics of the Institute of Internal Auditors and upon the Public Service Commission's "extensive regulation of the accounting systems of public utilities." *Id.* at 696. The Court found that the "code of ethics of a private association does not establish public policy" and that the PSC's regulation of the industry's accounting practices was "not . . . directed at conferring rights on the employees." *Id.* at 696-697.

We also note that our Supreme Court has probably eliminated the first of the three grounds identified in *Suchodolski* by holding that a "public policy claim is sustainable . . . only where there also is not an applicable statutory prohibition against discharge in retaliation for the conduct at issue." *Dudewicz v Norris-Schmid Inc,* 443 Mich 68, 80; 503 NW2d 645 (1993). In other words, where a statute confers upon a victim of retaliation the right to sue, that person may not also assert a claim of discharge in violation of public policy under *Suchodolski.* See *Dudewicz* at 78-80; see also *Shuttleworth v Riverside Osteopathic Hosp,* 191 Mich App 25, 27-28; 477 NW2d 453 (1991).

The second form of the exception, however, applies where an employee has been discharged because the employee refused to violate a "law." The term "law" may include those principles promulgated in constitutional provisions, common law, and regulations as well as statutes. Black's Law Dictionary, Unabridged Fifth Edition (1979). Moreover, the *Suchodolski* Court did not hold a public policy could only be established by a statutory source. Thus, it could be possible for a public

policy to be based on principles derived from authoritative sources other than statutes.

With these principles in mind, we find that plaintiff's complaint, as amended, fails to state a claim under any of the three public policy exceptions to the employment-at-will doctrine.

With regard to the first exception, assuming without deciding that it survived *Dudewicz,* the only statute that would arguably prohibit a discharge in a situation such as this one is the Whistleblowers' Protection Act, MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.* However, plaintiff cannot avail herself of the protection of that statute because: (1) she did not refuse to perform an illegal act, (2) she did not report or threaten to report the illegal activity, and (3) she did not file suit within the statutory period. See MCL 15.362; MSA 17.428(2); MCL 15.363(1); MSA 17.428(3)(1); see also *Shuttleworth, supra* at 26-28. Under *Dudewicz,* she also may not use the statute as a source of public policy to establish a claim under the first *Suchodolski* exception.

The second form of the exception under *Suchodolski* is the most applicable to plaintiff's case. Plaintiff claims she was constructively discharged for refusing to violate the law and her resignation should be treated as a refusal. However, plaintiff cannot prevail because she uses her resignation as proof of both a constructive discharge and a refusal to violate the law. Because plaintiff's refusal happened at the same time as her resignation, plaintiff did not give defendant an opportunity to act appropriately or inappropriately in reaction to her refusal. Therefore, plaintiff cannot establish a claim under the second form of the public policy exception.

She clearly does not fit under the third exception because she did not claim to have been con-

structively discharged for exercising a statutory right.

In summary, because plaintiff cannot establish a prima facie case under any of the three *Suchodolski* exceptions, the trial court should have dismissed plaintiff's complaint for failing to state a claim. MCR 2.116(C)(8).

For the sake of clarity, we also point out that constructive discharge is not in itself a cause of action, although it is routinely alleged as a separate count in complaints for wrongful discharge. See, e.g., *Wolff v Automobile Club of Michigan,* 194 Mich App 6, 15; 486 NW2d 75 (1992); *Hammond v United of Oakland, Inc,* 193 Mich App 146, 151; 483 NW2d 652 (1992). Rather, constructive discharge is a defense against the argument that no suit should lie in a specific case because the plaintiff left the job voluntarily. See anno: *Circumstances which warrant finding of constructive discharge in cases under Age Discrimination in Employment Act (29 USCS §§ 621 et seq),* 93 ALR Fed 10, 16 (1989); see also anno: *Circumstances in Title VII employment discrimination cases (42 USCS §§ 2000e et seq) which warrant finding of "Constructive Discharge" of discriminatee who resigns employment,* 55 ALR Fed 418, 420-421 (1981). Thus, an underlying cause of action is needed where it is asserted that a plaintiff did not voluntarily resign but was instead constructively discharged.

A constructive discharge is established where "an employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation or, stated differently, when working conditions become so difficult or unpleasant that a reasonable person in the employee's shoes would feel compelled to resign." *Mourad v Automobile Club Ins*

*Ass'n,* 186 Mich App 715, 721; 465 NW2d 395 (1991). Where reasonable persons could reach different conclusions regarding whether these elements are established, the issue becomes a question of fact for the jury and not one properly decided by the trial court. See *id.*

We acknowledge that, if plaintiff's complaint could be found to state a claim under *Suchodolski,* we would reverse the judgment below because the alleged deficiencies identified by the trial court—whether plaintiff's working conditions were intolerable, whether a reasonable person would have expected the alleged illegalities to recur, and whether defendant acted intentionally—are really questions of fact for the jury that do not justify summary disposition under MCR 2.116(C)(10). However, we find that the complaint fails to state a claim for discharge in violation of public policy.

Affirmed.