# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA MAJOR,

Plaintiff-Appellant,

v

VILLAGE OF NEWBERRY,

Defendant-Appellee.

FOR PUBLICATION
August 2, 2016

No. 322368
Luce Circuit Court
LC No. 2013-005668-CD

Before: MARKEY, P.J., and STEPHENS and RIORDAN, JJ.

RIORDAN, J. (*concurring in part and dissenting in part*).

I respectfully dissent. The trial court properly granted defendant's motion for summary disposition on plaintiff's age discrimination claim, as plaintiff failed to present evidence from which a factfinder could infer that she was the victim of unlawful discrimination.

The Michigan Civil Rights Act ("CRA"), MCL 37.2101 *et seq.*, provides, in part, that an employer may not discriminate against an individual on the basis of age. MCL 37.2202(1)(a). "In some discrimination cases, the plaintiff is able to produce direct evidence of [] bias. In such cases, the plaintiff can go forward and prove unlawful discrimination in the same manner as a plaintiff would prove any other civil case." *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001). "Direct evidence" is "evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id.* (quotation marks and citation omitted). In this case, plaintiff argues, and the majority agrees, that one isolated comment by Matthew Perry constitutes direct evidence of ageism, such that summary disposition should not have been granted. That argument fails.

The only evidence of ageism plaintiff presents is that her direct supervisor, foreman Perry, once said, "You know . . . you're in your 50s now. And by the time you go through school, if you go through the school, you'll be in your mid-50s. Do you think you'll be able to climb a pole then?" Perry also testified that plaintiff had neither purchased nor accepted offers of climbing gear from journeymen and apprentice lineman, and she refused to climb poles as her position required. Perry asked plaintiff about her refusal to climb, inquiring, "[H]ow are you going to do it, you know, if you don't learn now?" Perry explained that he referenced plaintiff's age only because apprentices were required to climb a pole, and it had become much harder for him to climb as he approached 60 years of age. It was, he said, much easier for him to climb poles when he was 30 years old.

-1-

While the comment plaintiff complains of was made by her immediate field supervisor, plaintiff does not identify any similar comments made on any other occasion. Plaintiff took offense to one isolated remark that was not part of any pattern of biased, age-related comments. See *Krohn v Sedgwick James of Mich, Inc*, 244 Mich App 289, 292; 624 NW2d 212 (2001). In and of itself, the comment was not reflective of any age bias harbored by Perry. He made an observation based upon the amount of time that he perceived it would take for plaintiff to reach journeymen status in light of the fact that she had not acquired the proper gear, even though it had been offered to her *gratis*, for climbing. Unlike the majority, based upon that single comment in reaction to plaintiff's refusal to climb poles, as required in the apprenticeship program, I cannot reach the conclusion that unlawful discrimination, in the form of ageism, was any type of motivating factor to Perry. *Hazle*, 464 Mich at 462.

Because there is no direct evidence of impermissible bias, to avoid summary disposition, plaintiff was required to present a rebuttable prima facie case "on the basis of proofs from which a factfinder could infer that the plaintiff was the victim of unlawful discrimination." *Hazle*, 464 Mich at 462. To establish a pretextual prima facie case of age discrimination, a plaintiff must initially show that she was (1) a member of a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) others, similarly situated and outside the protected class, were unaffected by the employer's adverse conduct. *Town v Mich Bell Telephone Co*, 455 Mich 688, 694-695; 568 NW2d 64 (1997).

Because plaintiff has the burden of proof in her age discrimination claim, it is incumbent upon her to show that there is a contestable issue of material fact as to why her decision to leave the position of apprentice lineman to return to her meter reader position was the result of "materially adverse" action. *Wilcoxon v Minnesota Mining & Mfg Co*, 235 Mich App 347, 365-366; 597 NW2d 250 (1999).

> The purpose of the prima facie test is to 1) remove the most common nondiscriminatory reasons for the employer's action, such as poor employee performance, and 2) to force the employer to articulate a nondiscriminatory reason for the discharge. Once the employer produces evidence of a nondiscriminatory reason for the discharge, even if that reason later turns out to be incredible, the presumption of discrimination evaporates.

*   *   *

> To prevail, the employee must submit admissible evidence to prove that the employer's nondiscriminatory reason was not the true reason for the discharge and that the plaintiff's age was a motivating factor in the employer's decision. Thus, the employee must prove that the employer's explanation was a pretext for discrimination. The proofs offered in support of the prima facie case may be sufficient to create a triable issue of fact that the employer's stated reason is a pretext, as long as the evidence would enable a reasonable factfinder to infer that the employer's decision had a discriminatory basis. The strength of the prima facie case and the significance of the disbelieved pretext will vary from case to case depending on the circumstances. In short, everything depends on the

individual facts. [*Town*, 455 Mich at 695-697 (quotations marks and citations omitted).]

The Michigan Supreme Court also identified several standards that a trial court should follow in considering a motion for summary disposition of an age-based discrimination claim:

[W]hen viewed in the light most favorable to the plaintiff, the evidence must create a material issue of fact on which reasonable minds could conclude that the employer's stated reason is a pretext for discrimination for summary judgment to be precluded. Thus, plaintiff will not always present a triable issue of fact merely by rebutting the employer's stated reason(s); put differently, that there may be a triable question of falsity does not necessarily mean that there is a triable question of discrimination. Furthermore, we note that in accordance with nine other federal circuits, evidence sufficient to discredit a defendant's proffered nondiscriminatory reasons for its actions, taken together with the plaintiff's prima facie case, [may be] sufficient to support (but not require) a finding of discrimination. Where . . . either direct or circumstantial evidence from which a fact-finder could rationally conclude that the employer's stated reason is a pretext for discrimination, summary judgment normally should be denied. [*Id*. at 698 (quotation marks, citations, and emphasis omitted; second and third alterations in original).]

The trial court correctly found that the evidence plaintiff presented did not create a material issue of fact on which reasonable minds could conclude that Perry's stated reason for his comment was a pretext for age discrimination.

Plaintiff meets the first two prima facie evidence requirements. She was 52 years old in 2010 when she became an apprentice lineman. Thus, by virtue of her age, she was a member of a protected class, and she had the qualifications to become a lineman. *Town*, 455 Mich at 694-695. Defendant argues at length that plaintiff was not qualified to perform the job because she had been diagnosed with carpal tunnel syndrome and an ulnar nerve issue in June 2012. She underwent surgery for those conditions in May 2013, and she underwent rotator cuff surgery in 2007. However, the time period in question with regard to plaintiff's age discrimination claim is December 21, 2010, through March 2011, *i.e.*, the time during which she performed the lineman job before she returned to the meter reader position. There is no evidence in the record to establish that she was physically incapable of performing the job which could rebut the testimony that plaintiff was qualified to do the job. However, plaintiff failed to present any evidence on the two remaining prima facie elements necessary to survive the summary disposition motion. Namely, there is no evidence in the record that she suffered an adverse employment action or that others similarly situated and outside the protected class were unaffected by the alleged adverse conduct. *Id*.

For purposes of a discrimination claim, an employment action is adverse when (1) the action is materially adverse, in than it is more than a mere inconvenience or an alteration of job responsibilities, and (2) there is "some objective basis for demonstrating that the change is adverse because a plaintiff's subjective impressions as to the desirability of one position over another are not controlling." *Wilcoxon*, 235 Mich App at 364.

Plaintiff's change in position was not objectively adverse. *Id*. She chose not to attend school for apprentice linemen but, instead, began on-the-job training for the position on December 21, 2010. Plaintiff *voluntarily quit* the apprentice lineman position at the end of February 2011 and returned to her meter reader position, citing two reasons for her decision: (1) Perry's supervision made her miserable; and (2) the fact that she was required to work 7,000 hours as a lineman before reaching journeyman status. Neither reason cited by plaintiff relates to her age. Perry's single comment and the apprentice lineman hour requirements, which plaintiff decided she would not complete, do not rise to the level of constituting a constructive discharge, such that her working conditions were so intolerable that she was forced to return to her meter reader position. See *Vagts v Perry Drug Stores, Inc*, 204 Mich App 481, 487-488; 516 NW2d 102 (2014) (quotation marks and citation omitted) ("A constructive discharge is established where an employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation or, stated differently, when working conditions become so difficult or unpleasant that a reasonable person in the employee's shoes would feel compelled to resign."). Further, plaintiff's issue with the mandated amount of hours required to complete the apprentice program is a subjective reason that does not constitute an adverse employment action by defendant. *Wilcoxon*, 235 Mich App at 364. Because reasonable persons could not reach different conclusions on these factors, they were properly decided by the trial court on summary disposition. *Id*. Thus, plaintiff failed to establish this prima facie element.

Finally, even if there was an adverse employment action, plaintiff fails to establish the final prima facie element of an age discrimination action, namely that others similarly situated and outside the protected class were unaffected by the adverse conduct. The evidence establishes that no other person was similarly situated to plaintiff. The other apprentice lineman position was filled by Jake Lewis before plaintiff received her position as a lineman. She and Lewis were not similarly situated because Lewis had been an apprentice lineman with the department for approximately a year before plaintiff applied for the position in 2008. Further, Lewis had the qualifications, which plaintiff was lacking, to do more complicated levels of work.

Because plaintiff did not establish a prima facie case of age discrimination, the trial court properly granted defendant's motion for summary disposition of this claim.

Therefore, I dissent from the majority and would affirm the trial court on plaintiff's age discrimination claim. In all other respects, I join the majority's opinion.

/s/ Michael J. Riordan