*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES STEFANSKI,

      Plaintiff-Appellant,

v

SAGINAW COUNTY 911 COMMUNICATIONS
CENTER AUTHORITY,

      Defendant-Appellee.

UNPUBLISHED
January 4, 2024

No. 364851
Saginaw Circuit Court
LC No. 22-046428-NZ

Before: RIORDAN, P.J., and MURRAY and M. J. KELLY, JJ.

M. J. KELLY, J. (*concurring*).

I concur with the majority that, under *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 532-533; 854 NW2d 152 (2014), reporting a violation of the common law to a public body is not an action protected by the Whistleblowers' Protection Act (WPA), MCL 15.369 *et seq*. As a result, the trial court did not err by granting summary disposition to defendant. I write separately, however, because I believe that *Landin*'s holding is contrary to the plain language of MCL 15.362.

MCL 15.362 provides:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

At issue is the trial court's interpretation of the phrase "a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States . . . ." Because the pertinent terms "law" and "promulgated" are not defined by the statute, they must be given their plain and ordinary meaning. See *Brackett v Focus*

-1-

*Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008). A dictionary may be consulted if the legislative intent cannot be determined from the statute itself. *Johnson v Pastoriza*, 491 Mich 417, 436; 818 NW2d 279 (2012). Moreover, because the WPA is a remedial statute, it "must be liberally construed to favor the persons that the Legislature intended to benefit." *Anzaldua v Neogen Corp*, 292 Mich App 626, 631; 808 NW2d 804 (2011). "The underlying purpose of the WPA is protection of the public." *Id*.

According to *Black's Law Dictionary* (10th ed), a "law" is "[t]he aggregate of legislation, judicial precedents, and accepted legal principles," and "law" includes both statutes and the common law. Further to "promulgate" is "[t]o declare or announce publicly; to proclaim" or "[t]o put (a law or decree) into force or effect." *Black's Law Dictionary* (10th ed). The common law is "judge-made law." *Werner v Hartfelder*, 418 Mich 906, 908; 342 NW2d 520 (1984). Therefore, judicial decisions, which put the common-law into force or effect, are laws promulgated under the laws of this state by a political subdivision of this state, i.e., the judiciary. Indeed, this Court has previously recognized that "[t]he term 'law' may include those principles promulgated in constitutional provisions, common law, and regulations as well as statutes." *Vagts v Perry Drug Stores*, 204 Mich App 481, 485; 516 NW2d 102 (1994). See also *McNeil v Charlevoix Co*, 275 Mich App 686, 698; 741 NW2d 27 (2007) (accord).

Under the common law, a plaintiff can bring a claim for gross negligence. See *Xu v Gay*, 257 Mich App 263, 267-268; 668 NW2d 166 (2003). Moreover, under the GTLA and the Emergency 9-1-1 Services Enabling Act, a governmental employee is not immune from gross negligence. See MCL 691.1407 and MCL 484.1604.[1] Here, given that Stefanski alleged that he reported to Director Daniel Weaver that Supervisor Logan Bissell was grossly negligent in coding a 911 call made on July 5, 2021,[2] he reported a violation of the common law, which under the plain language of MCL 15.362 is a report of a violation of law promulgated pursuant to the law of this state. Therefore, were it not for this Court's holding in *Landin*, I would affirm. Additionally, I would conclude that *Landin* was wrongly decided because its holding is contrary to the plain language of MCL 15.362, and I would call for a conflict panel under MCR 7.215(J)(2).

/s/ Michael J. Kelly

---

[1] Neither the GTLA nor the Emergency 9-1-1 Service Enabling Act are laws creating liability for the gross-negligence of governmental employees. Rather, both laws merely indicate that there is no immunity for acts of gross negligence committed by a governmental employee. As a result, they do not provide an independent basis upon which to conclude that Stefanski did or did not engage in a protected activity under the WPA.

[2] On appeal, defendant contends that Stefanski never alleged that Bissell's conduct was grossly negligent. However, given that there is conflicting evidence in the record as to what information was reported to Weaver, I would conclude that resolution of that issue is a question of fact that cannot be resolved on a motion for summary disposition.